# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| MARTIN J. WALSH, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> JAG CONTRACTORS, INC. and <br> JOSUE GUZMAN, <br><br> Defendants, | Civil Action No. <br> 1:22-cv-783 <br><br><br><br><br><br><br> Jury Trial Demanded <br> Injunctive Relief Demanded |

## COMPLAINT

Plaintiff Martin J. Walsh brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA or the Act), to restrain Defendants from engaging in further discrimination against employees who assert their rights to proper pay, enjoin them from additional attempts to obstruct the Secretary's investigation, and redress the unlawful retaliation that Defendants have committed to date. Defendants have discharged or reassigned employees who complained to management that Defendants' pay practices did not satisfy the wage and hour standards set forth under the FLSA, as well as other related federal laws, and deployed various tactics designed to obstruct the Secretary's investigation, including directing employees to sign false or misleading documents related to their pay and not to report to work when the Secretary was conducting investigatory interviews. Such misconduct is proscribed by Sections 15(a)(3) and 11(a) of the FLSA, 29 U.S.C. §§ 215(a)(3) and 211(a), and undermines the critical worker protections the Act affords.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject of this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this judicial district because Defendants are residents of the Commonwealth of Virginia, reside in this judicial district, and are subject to the personal jurisdiction of courts in this judicial district with respect to this action.

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, (Secretary) is vested with the authority to investigate the wages, hours, and practices of employment of industries subject to the FLSA; to enter and inspect such places and records of employment; to question such employees; and to investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person or employer has violated any provision of the Act. 29 U.S.C. §211(a).

4. The FLSA further empowers the Secretary to bring actions to restrain violations of the FLSA, including its anti-retaliation provision. 29 U.S.C. §§ 211, 217.

5. Defendant JAG Contractors, Inc. (JAG) is a general construction business organized under the laws of Virginia in 2017, with a principal office address of 5649A General Washington Dr., Alexandria, VA 22312, within the jurisdiction of this Court.

6. Defendant Josue Guzman is the President and, on information and belief, an owner of JAG. He resides at 4523 Shoal Creek Court, Alexandra, VA 22312, within the jurisdiction of this Court. Mr. Guzman supervised work performed by JAG employees, had

authority over their compensation, and made decisions regarding the hiring and firing of employees.

7. Defendant Carlos Gomez is a Senior Project Manager JAG. Mr. Gomez supervised work performed by JAG employees, had authority over their compensation, and made decisions regarding the hiring and firing of employees.

### The Secretary's Investigation

8. JAG is a subcontractor of two higher-tier contractors that hold contracts to perform work for two federal projects. Grunley Construction Company, Inc. (Grunley) was awarded a contract to perform work for LEIDOS Biomedical Research, Inc. at the Frederick National Laboratory for Cancer Research on Fort Detrick, Frederick, MD, Contract No. 18H2332A (LEIDOS Project). Hensel Phelps Construction Company (Hensel Phelps) holds the prime contract to perform work at a Centers for Medicare and Medicaid Services worksite located at 7500 Security Blvd., Windsor Mill, MD 21244, Contract No. 47PD0220C0007 (CMS Project).

9. In February 2022, the Secretary commenced an investigation into JAG's compliance with the wage and hour standards set forth under the FLSA and related federal laws with respect to employees working on the LEIDOS Project and the CMS Project.

10. On information and belief, JAG's work on both the LEIDOS and CMS projects is ongoing.

### JAG's Retaliation Against Henry Ventura

11. Henry Ventura is a former employee of JAG who began working on the LEIDOS Project in 2020 and became its full-time foreman in January 2022. Defendants terminated Mr. Ventura's employment on April 7, 2022.

12. Mr. Ventura was an employee during that time period as that term is defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

13. As foreman, Mr. Ventura supervised the work of other employees on the LEIDOS Project, and his supervisory duties included maintaining the tablet on which other workers recorded their hours worked.

14. In or around December 2020, Mr. Ventura became aware that JAG was not paying him and other workers on the LEIDOS Project at the proper rates of compensation for their regular and overtime work.

15. Mr. Ventura discussed those compensation issues with Grunley's Senior Project Superintendent, Roy Edwards, and then complained to JAG Owner Josue Guzman that JAG was not paying him in accordance with applicable wage and hour laws.

16. In or around January 2021, Mr. Ventura complained to Mr. Guzman that JAG could not give him a 1099 tax form when JAG had already deducted taxes from his wages.

17. Mr. Ventura continued to complain to Mr. Guzman about these compensation issues over the following months.

18. In March 2022, Mr. Ventura spoke with the Secretary's Wage and Hour Investigator Rocio Torres-Solano as part of the Secretary's investigation into JAG's pay practices. Mr. Ventura then provided contact information for the Secretary's investigators in text messages to other JAG employees and informed them that JAG was not paying them in accordance with applicable wage and hour laws. Mr. Guzman and Mr. Gomez were copied on some of those texts.

19. Mr. Ventura also filed complaints with his union and the Internal Revenue Service (IRS) regarding the improper pay practices and wage-deduction issues described above.

20. The union subsequently filed a complaint against JAG on his behalf.

21. In early April 2022, Mr. Ventura again complained to Mr. Guzman about the compensation issues he previously brought to Mr. Guzman's attention. At that time, he also complained to Mr. Guzman that JAG had not been paying him and others for work they were required to perform before and after "clocking" in and out for their shift. During the ensuing discussion, Mr. Ventura stated that he was receiving assistance from the Department of Labor (DOL) to address his compensation issues.

22. JAG terminated Mr. Ventura a few days later, on April 7, 2022.

23. At the time of his termination, JAG Senior Project Manager Carlos Gomez told Mr. Ventura that the ultimate reason for his discharge was that Mr. Ventura was telling other employees that Mr. Guzman was not paying them correctly. Mr. Gomez also falsely claimed that Grunley's Superintendent, Mr. Edwards, no longer wanted Mr. Ventura to work on the LEIDOS Project.

24. On or around April 11, 2022, Mr. Gomez gave Mr. Ventura a termination letter that attributed his discharge, in part, to the fact that Mr. Ventura was a "disgruntled employee."

25. JAG replaced Mr. Ventura with a new foreman on the LEIDOS Project.

**JAG's Retaliation Against Jose Antonio Pagoaga Salinas**

26. Jose Antonio Pagoaga Salinas began to work for JAG in or around August 2020. He started to work on the LEIDOS Project on a full-time basis in or around December 2020.

27. Mr. Pagoaga Salinas was an employee during that time period as that term is defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

28. In or around January 2021, Mr. Pagoaga Salinas learned that JAG was not paying him at the proper rate for his work and broached the issue with Mr. Edwards from Grunley, who

5

provided him with information regarding the proper wages for the LEIDOS Project.  Mr. Pagoaga Salinas then complained to Mr. Guzman that JAG was not paying him the proper rate of pay.

29. Mr. Pagoaga Salinas was interviewed by Investigator Torres-Solano on or around March 30, 2022, and cooperated with her investigation.

30. In or around March 2022, Mr. Guzman requested that Mr. Pagoaga Salinas sign a document that Mr. Guzman claimed that the DOL provided.  The document, a DOL "WH-58" form, asked Mr. Pagoaga to attest to receiving certain payments of wages or compensation that the DOL calculated and determined he was due based on the findings of its investigation.

31. The DOL did not provide Mr. Guzman with the "WH-58" he furnished to Mr. Pagoaga Salinas or calculate the payments listed on that document.

32. Mr. Pagoaga Salinas declined to sign the document.

33. At that time, Mr. Pagoaga Salinas also raised a complaint to Mr. Guzman regarding a tax document Mr. Guzman had previously provided to him that reflected compensation Mr. Pagoaga Salinas did not believe he had received.

34. Mr. Pagoaga Salinas filed a complaint with IRS related to that tax and compensation issue on or around April 7, 2022.

35. Mr. Pagoaga Salinas was dismissed from the LEIDOS Project on April 11, 2022.

36. On April 18, 2022, he was discharged from his employment with JAG.

37. Mr. Guzman told Mr. Pagoaga Salinas he was no longer needed, but JAG replaced him with another worker on the LEIDOS Project.

38. While Mr. Ventura and Mr. Pagoaga Salinas granted the Secretary permission to use their names in the instant filings, several other JAG employees would not.

### JAG's Obstruction of the Secretary's Investigation

39. Abel Antonio worked on the CMS Project under a subcontractor of JAG, M.A. Drywall, between June 2021 and April 2022.

40. Mr. Antonio was an employee during that time period as that term is defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

41. On or around March 9, 2022, Mr. Guzman directed Mr. Antonio to sign documents attesting that he was being paid a particular rate and performing particular duties that were prepopulated on the documents. Mr. Antonio questioned the contents of those documents because JAG had not paid him the rate reflected on the documents throughout his employment, and Mr. Guzman replied that workers without legal documentation have limited employment options. Mr. Guzman's reply caused Mr. Antonio to feel threatened and that his employment would be terminated if he did not comply with Mr. Guzman's request to sign the document.

42. The Secretary's Wage and Hour Investigator, Maria Nunez, arranged to interview employees working on the CMS Project on April 6, 2022. On that date, Mr. Antonio received a phone call from Miguel Alvarez, the owner of M.A. Drywall, instructing him not to report to work. Mr. Alvarez stated that Josue Guzman from JAG directed him to instruct Mr. Antonio not to report to work that day. Mr. Antonio asked why he was being asked not to report to work but did not receive an explanation.

43. Investigator Nunez subsequently interviewed Mr. Antonio on April 13 and April 21, 2022.

44. Mr. Antonio was dismissed from the CMS Project by JAG's new foreman after speaking with Investigator Nunez on April 21, 2022.

45. While Mr. Antonio permitted the Secretary to use his name in the instant filings, several other JAG employees would not.

## FIRST CAUSE OF ACTION
### (Retaliation in Violation of Section 15(a)(3) of the FLSA)

46. The Secretary incorporates by reference and re-alleges all foregoing allegations of this Complaint.

47. Section 15(a)(3) of the FLSA makes it unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to chapter eight of the FLSA or has testified or is about to testify in any such proceeding. 29 U.S.C. § 215(a)(3).

48. Defendants have violated and continue to violate Section 15(a)(3) of the FLSA by discriminating against and discharging employees, including Mr. Ventura and Mr. Pagoaga Salinas, because they have engaged in the protected activity of filing complaints under or related to chapter eight of the FLSA, instituting or causing to be instituted proceedings under or related to that chapter, and/or testifying in such proceedings, among other things.

49. As a result of these retaliatory acts, a reasonable employee would be dissuaded from engaging in activities protected under the FLSA, such as complaining about uncompensated or improperly compensated work or cooperating in an investigation by the Secretary into potential wage and hour violations.

## SECOND CAUSE OF ACTION
### (Obstructing the Secretary's Investigation in Violation of Section 11 of the FLSA)

50. The Secretary reincorporates and re-alleges the foregoing allegations of this Complaint.

51. Section 11(a) of the FLSA empowers the Secretary to investigate the wages, hours, and practices of employment of industries subject to the Act; to enter and inspect such places of employment; to question such employees; and to investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person or employer has violated any provision of the FLSA. 29 U.S.C. § 211(a).

52. Defendants have engaged in various types of conduct intended to obstruct the Sectary's investigation into JAG's compliance with federal wage and hour law in violation of Section 11(a) of the FLSA, 29 U.S.C. § 211(a). Defendants' obstructive conduct includes, but is not limited to, directing employees such as Mr. Antonio not to report to work on the day the Secretary's investigator would be conducting employee interviews; engaging in unauthorized alteration of official Department of Labor forms; directing employees such as Mr. Antonio and Mr. Pagoaga Salina to sign false or misleading forms attesting to work performed and payment received; making threatening or intimidating comments regarding employees' immigration status while directing them to sign such documents; and discharging or reassigning employees who assert their rights to proper compensation.

53. Defendants have also engaged in various types of retaliatory conduct that would dissuade a reasonable employee from cooperating fully with the Secretary's investigation in violation of Section 11(a) of the FLSA, 29 U.S.C. § 211(a). Defendants' retaliatory conduct includes, but is not limited to, discharging or dismissing from federally-funded projects employees, such as Mr. Ventura, Mr. Pagoaga Salinas, and Mr. Antonio, who have questioned or raised complaints regarding Defendants' employment or pay practices, refused to sign false or misleading documents related to their employment and compensation, or cooperated in the Secretary's investigation.

WHEREFORE, cause having been shown, the Secretary respectfully prays that this Court enter judgment against Defendants and provide the following relief:

A. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating or attempting to violate the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

B. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating or attempting to violate the provisions of Section 11(a) of the Act, 29 U.S.C. § 211(a);

C. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, requiring JAG Contractors to permit a representative of the Secretary to notify all current employees of JAG Contractors that they have the right to communicate with and provide information to the Secretary without fear of discharge, retaliation, or any other consequences to their employment;

D. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, requiring JAG Contractors to notify their employees that they will not discharge or otherwise retaliate against employees who communicate with or provide information to the Secretary;

E. An order awarding back pay and punitive damages for Defendants' retaliatory discharge of Henry Ventura and Jose Pagoaga Salinas in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

F. An order awarding the Secretary all costs of this action; and

G. An order awarding the Secretary with any other relief that the Court deems necessary and appropriate, including the relief set forth in the proposed temporary restraining order filed herewith.

Respectfully submitted,

Mailing Address:

**UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202
(202) 693-9358 (voice)
(202) 693-9392 (fax)
Milyko.Andrea.M.@dol.gov

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Deputy Regional Solicitor

/s/_Ryma N. Lewis_____
Ryma N. Lewis
Wage and Hour Counsel
VSB No. 83322

/s/_Andrea M. Milyko_____
Andrea M. Milyko
Trial Attorney
MA BBO No. 601027
*Pro Hac Vice* application to be filed
Attorneys for Plaintiff
U.S. Department of Labor